*In the matter of the Petition of* JONATHAN BANKS *for a Writ of Habeas Corpus.*

No. 10423.

1. LIBERTY OF THE PRESS—*Valid Statute.* Chapter 161 of the Laws of 1891, entitled "An act to prohibit the editing, publishing, circulating, disseminating and selling of certain classes of newspapers and other publications," is constitutional and valid.

2. ———*Immoral Publications.* · In order that a publication may fall within the terms of said act as being "devoted largely to the publication of scandals, lechery, assignation, intrigues between men and women, and immoral conduct of persons," it is not necessary that more than half the columns, or any other definite number, be filled with such items. It is sufficient if such items are a prominent feature, and especially characteristic of the publication.

*Original Proceeding in Habeas Corpus.*

THE opinion states the material facts.

*Harry L. Strohm*, for petitioner.

*C. P. Rutherford*, county attorney, for respondent.

The opinion of the court was delivered by

ALLEN, J.: The petitioner, Jonathan Banks, was arrested on a warrant issued by E. L. Carney, Esq., a justice of the peace of Leavenworth county, on a charge of having sold the Kansas City *Sunday Sun,*

alleged to be a newspaper "devoted largely to the publication of scandals, lechery, assignations, intrigues between men and women, and immoral conduct of persons," in violation of chapter 161 of the Laws of 1891. A preliminary examination was had, and he was required to give bond in the sum of $500 for his appearance at the next term of the district court, and, in default thereof, he was confined in the jail of Leavenworth county. From this restraint he asks to be discharged.

It is contended that said chapter 161 is void, because in contravention of section 11 of the bill of rights, which reads:

"The liberty of the press shall be inviolate: and all persons may freely speak, write or publish their sentiments on all subjects, being responsible for the abuse of such right; and in all civil or criminal actions for libel, the truth may be given in evidence to the jury, and if it shall appear that the alleged libelous matter was published for justifiable ends, the accused party shall be acquitted."

The act under consideration was not passed to prevent the publication of libels, nor to suppress papers indulging in such publications, but to prevent the publication and sale of newsapers especially devoted to the publication of scandals and accounts of lecherous and immoral conduct. Without doubt a newspaper, the most prominent feature of which is items detailing the immoral conduct of individuals, spreading out to public view an unsavory mass of corruption and moral degradation, is calculated to taint the social atmosphere, and, by describing in detail the means resorted to by immoral persons to gratify their propensities, tends especially to corrupt the morals of the young, and lead them into vicious paths and immoral acts. We entertain no doubt that the legisla-

ture has power to suppress this class of publications, without in any manner violating the constitutional liberties of the press.

The examining magistrate has found that the copy of the *Sun* which is filed with the petition in this case fills the description of a newspaper the publication and sale of which is prohibited by the act. There is abundance in the paper to support this finding. The words "largely devoted" do not necessarily imply that any certain percentage of the columns of the paper shall be filled with the prohibited matter, but they do imply that this shall be a prominent feature of the publication ; that special attention shall be devoted to the publication of scandalous items.

There is no force in the contention that the title to the act is defective.

The petitioner will be remanded to the custody of the sheriff.

All the Justices concurring.